UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23007-CIV-GRAHAM/DUBÉ

AARON BETHEL,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Petition for Writ of Mandamus (D.E. #1), the Motion to Hear and Rule (D.E. #7) and the Motion to Compel (D.E. #19) filed by the Plaintiff; and the Motion to Dismiss filed by the Defendant (D.E. #24) pursuant to a Clerk's Notice of Magistrate Judge Assignment entered by the Clerk of Court, United States District Court for the Southern District of Florida. This Court has reviewed the motions and the file in this cause.

### I. PROCEDURAL AND FACTUAL HISTORY

The Plaintiff, Aaron Bethel, pro se, who is incarcerated in a state facility (hereinafter "Plaintiff" or "Bethel") filed the Petition for Writ of Mandamus, which sought payment for a fully favorable decision by the Social Security Administration regarding a Supplemental Security Income (hereinafter "SSI") claim. Following, the Plaintiff filed the Motion to Hear and Rule on the Writ of Mandamus (D.E. #7) and the Motion to Compel (D.E. #19). In response, the Defendant filed the Motion to Dismiss asserting that the petition failed to state a claim for mandamus.

According to the Defendant, SSI benefits were awarded to the Plaintiff on January 31, 2008,

as he was found disabled beginning March 12, 2006. Additionally, the Defendant stated that the Plaintiff is currently imprisoned and has been imprisoned since December 5, 2007. For this reason, the Defendant asserts that under the regulations, the Plaintiff is not eligible for SSI benefits for any month throughout which he is a resident of a public institution. See, 20 C.F.R. § 416.211, 20 C.F.R. § 416.201. The Defendant also asserts that a Pre Effectuation Review Conference with the Plaintiff via telephone at Jefferson Correctional Institution will be scheduled by SSA in order to ensure that the proper payments are made for the months the Plaintiff was not imprisoned.

## II. LEGAL ANALYSIS

Mandamus is available as a remedy to a plaintiff if (1) he has exhausted all other avenues relief and (2) the defendant owes him a clear nondiscretionary duty. Heckler v. Ringer, 466 U.S. 602, 616-17, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). Further, "[M]andamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." Cash v. Barnhard, 327 F. 3d 1252, 1257. In the instant matter, the Plaintiff has failed to demonstrate that a nondiscretionary duty was in fact owed to him by the Defendant and has failed to show or even allege that he had exhausted all remedies prior to the filing of this action.

Based on the foregoing, it is the recommendation of this Court that the Motion to Dismiss filed by the Defendant (D.E. #24) be **GRANTED**; and that the Petition for Writ of Mandamus (D.E. #1), the Motion to Hear and Rule (D.E. #7) and the Motion to Compel (D.E. #19) filed by the Plaintiff be **DENIED**. It is further recommended that costs not be awarded as the Plaintiff filed this action prematurely.

Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Donald

L. Graham, United States District Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); R.T.C. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** this __3__ day of November, 2009.

ROBERT L. DUBÉ
UNITED STATES MAGISTRATE JUDGE